UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERREN JONES, | |
|       Plaintiff, | |
|       v. | CAUSE NO.: 4:24-CV-65-TLS-APR |
| SHIRLEY LOGES, | |
|       Defendant. | |

**OPINION AND ORDER**

Jerren Jones, a prisoner without a lawyer, filed this lawsuit against Shirley Loges, the Jail Commander at White County Jail, for denying him medical care and housing him in unsanitary conditions at the White County Jail. ECF No. 1. Jail Commander Loges filed a motion for summary judgment, arguing this case should be dismissed because: (1) Jones' claim against her is time-barred; and (2) Jones did not timely serve her with the lawsuit. ECF No. 32. Jones filed a response, and Jail Commander Loges filed a reply. ECF Nos. 38, 42. Jones then filed an authorized sur-response, and Jail Commander Loges filed a sur-reply. ECF Nos. 45, 46. Jones also filed a second unauthorized sur-response, reiterating the same arguments from his first sur-response. ECF No. 47.[1] The summary judgment motion is now fully briefed and ripe for ruling.

**SUMMARY JUDGMENT STANDARD**

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a

---

[1] Northern District of Indiana Local Rule 56-1 provides an opportunity for only a single response and prohibits the filing of additional briefs without leave of court. N.D. Ind. L.R. 56-1(d). Nevertheless, the Court has reviewed the contents of Jones' unauthorized second sur-response and concludes the arguments raised in the sur-response have no impact on the disposition of this case.

verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine dispute of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010) (citation omitted). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc*., 621 F.3d 651, 654 (7th Cir. 2010).

**MATERIAL FACTS**

Jones arrived in the White County Jail on July 19, 2022, and was released on July 31, 2022. ECF No. 35-1 at 1. On December 14, 2023, Jones filed a lawsuit against the White County Jail in Case Number 4:24-cv-22. *See* Case No. 4:24-cv-22-GSL-APR, at ECF No. 1. On May 17, 2024, Jones amended his complaint in that lawsuit to add several claims, including a claim against the arresting officers for wrongfully arresting him and a claim against Jail Commander Loges for denying him medical treatment at the jail. *Id.* at ECF No. 18. On May 31, 2024, the court screened Jones' amended complaint, concluded he could not proceed on his claim against Jail Commander Loges based only on allegations of supervisory liability, and informed him he could not proceed on unrelated claims in the same lawsuit. *Id.* at ECF No. 19, p. 3–4. The court instructed Jones to decide which claim he wanted to pursue in that lawsuit and advised him he could bring his other claims in separate lawsuits. *Id*. Jones proceeded to file four more amended complaints that included claims against Jail Commander Loges and various other defendants. *Id.*

at ECF Nos. 21 (July 3, 2024), 22 (July 3, 2024), 24 (July 12, 2024), 25 (July 12, 2024). The court struck each of these amended complaints for including unrelated claims. *Id.* at ECF Nos. 23, 26. On September 5, 2024, Jones filed an amended complaint in that lawsuit that omitted his claim against Jail Commander Loges. *Id.* at ECF No. 27. That same day, Jones filed this lawsuit against Jail Commander Loges. ECF No. 1. Because neither party disputes these facts, the Court accepts them as undisputed.

## ANALYSIS

42 U.S.C. § 1983 provides a private remedy for protecting constitutional rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Id.* (cleaned up). In a § 1983 case, courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). "Although the statute of limitations is an affirmative defense, dismissal . . . is appropriate if the complaint contains everything necessary to establish that the claim is untimely." *Collins v. Village of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017) (citation omitted). "While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of action." *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (citation omitted). For § 1983 purposes, a claim accrues when the plaintiff "knows or should know" that his constitutional rights have been violated. *Id.*

In some circumstances, "the doctrine of equitable tolling may apply. Equitable tolling halts the limitations clock when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (cleaned up); *see Farzana K. v. Ind. Dep't of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007) (noting that equitable tolling "deals with situations in which timely filing is not possible despite diligent conduct"). And it is the plaintiff's burden to show "he diligently pursued the claim and some extraordinary circumstances prevented him from filing his complaint within the statute of limitations." *Sparre v. U.S. Dep't of Lab.*, 924 F.3d 398, 402–03 (7th Cir. 2019) (cleaned up).

Jail Commander Loges argues this case is time-barred because Jones left the White County Jail on July 31, 2022, and filed this lawsuit more than two years later on September 5, 2024. Both parties agree that Indiana's two-year statute of limitations applies to this case and that Jones filed this lawsuit on September 5, 2024, more than two years after he left the White County Jail on July 31, 2022. Nevertheless, Jones argues this action is timely or should be subject to equitable tolling because he first brought his claim against Jail Commander Loges in Case No. 4:24-cv-22 on May 17, 2024, which fell within the two-year statute of limitations. ECF No. 38 at 3.

Here, it is undisputed Jones did not timely file this lawsuit under cause number 4:24-cv-65 against Jail Commander Loges within the applicable two-year statute of limitations. The fact that Jones attempted to bring a timely claim against Jail Commander Loges in a separate lawsuit does not render this lawsuit timely. When Jones dropped Jail Commander Loges as a defendant from the Second Amended Complaint filed in the 4:24-cv-22 action, the effect was that Jail Commander Loges was dismissed from that earlier lawsuit without prejudice. *See Taylor v.*

4

*Brown*, 787 F.3d 851, 858 (7th Cir. 2015) (explaining that the proper vehicle to dismiss a single defendant without prejudice is to drop the defendant by amending the complaint under Federal Rule of Civil Procedure 15(a) rather than voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)). "[A] suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) (citations omitted). Said differently, "if [a] suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Id.* (citations omitted). Therefore, the Court only needs to determine whether Jones is entitled to equitable tolling.

After reviewing the record, the Court concludes this case does not involve an extraordinary circumstance in which the "sparingly" used federal tolling doctrine should apply. *See Herrera*, 8 F.4th at 499. Under the federal tolling doctrine, an untimely filing can be excused if the plaintiff shows he pursued his rights diligently but was unable to file on time due to some extraordinary circumstance that stood in his way. *See id.* The fact that Jones initially brought his claim against Jail Commander Loges in a different lawsuit does not constitute an "extraordinary circumstance" that would warrant equitable tolling. Specifically, Jones brought his claim against Jail Commander Loges in Case No. 4:24-cv-22 on May 17, 2024. On May 31, 2024, the Court screened Jones' complaint, concluded he could not proceed on his claim against Jail Commander Loges, instructed him he could not proceed on unrelated claims in the same lawsuit, and advised him he could file new lawsuits for his unrelated claims. At that point, Jones could have timely filed a new lawsuit against Jail Commander Loges. But rather than file a new lawsuit against Jail Commander Loges, Jones proceeded to file numerous amended complaints in Case No. 4:24-cv-

22, and waited until September 2024, to file this lawsuit against Jail Commander Loges. Because Jones was advised to file a new lawsuit to proceed on his claim against Jail Commander Loges in May 2024, there were no "extraordinary circumstances" which caused him to wait until the statute of limitations had expired in July 2024 to file this lawsuit in September 2024.[2]

Jones also argues he is entitled to equitable tolling for three other reasons. ECF No. 38 at 3. First, he argues, "The full extent of constitutional violations and their impact became apparent only after my release from custody and subsequent investigation. As a detainee, I lacked access to medical records and documentation necessary to understand the scope of deliberate indifference to my medical needs." *Id.* Here, Jones filed this lawsuit against Jail Commander Loges for placing him in solitary confinement, denying him medical care, and housing him in unsanitary conditions at the White County Jail between July 19, 2022, and July 31, 2022. ECF No. 1 at 2. Jones knew or should have known his constitutional rights had been violated at the time he left the White County Jail on July 31, 2022, and he does not explain why he was unable to discover these violations until after the statute of limitations expired. *See Behavioral Inst. of Ind.*, 406 F.3d at 929 (explaining that for § 1983 purposes, a claim accrues when the plaintiff "knows or should know" that his constitutional rights have been violated). Therefore, this case accrued on or before July 31, 2022, and Jones' vague assertion that he "lacked access to medical records and documentation" is insufficient to show an "extraordinary circumstance" that warrants equitable tolling. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*,

---

[2] The Seventh Circuit Court of Appeals has held that a claim may be equitably tolled during the time a pro se prisoner is waiting for the court to screen his complaint. *See Stewart v. Special Adm'r of Est. of Mesrobian*, 559 F. App'x 543, 547–48 (7th Cir. 2014). But here, the court in Case No. 4:24-cv-22 took only fourteen days to screen Jones' amended complaint, at which point it advised him he could not pursue unrelated claims in the same lawsuit, needed to select which claim he wanted to pursue in that lawsuit, and could file new lawsuits to proceed on his other claims. Tolling the statute of limitations for the fourteen-day period Jones was waiting for the court to screen his amended complaint does not make this lawsuit timely, as he filed this lawsuit more than a month after the statute of limitations expired.

315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege *specific* facts creating a genuine issue for trial and may not rely on vague, conclusory allegations."); *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough" (cleaned up)).

      Second, Jones argues, "My pro se status and initial focus on resolving the underlying criminal charges justify equitable tolling." ECF No. 38 at 3. But a plaintiff's pro se status and lack of knowledge of the applicable law do not constitute the type of extraordinary circumstances that warrant equitable tolling. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (finding that the prisoner's limited legal resources and lack of knowledge of the law did not warrant equitable tolling). Similarly, Jones' assertion that he was focused on his underlying criminal charges does not show an extraordinary circumstance justifying equitable tolling, as it is undisputed Jones began pursuing civil claims against the White County Jail as early as December 2023, well before the statute of limitations expired in this case. Because Jones began litigating civil claims as early as December 2023, he has not shown that his focus on resolving his underlying criminal charges prevented him from timely filing a lawsuit against Jail Commander Loges before July 31, 2024.

      Third, Jones argues the continuing violation doctrine warrants equitable tolling, stating: "The effects of Defendant's constitutional violations continued beyond the initial detention period, as the denial of medical treatment caused ongoing harm that persisted after release." ECF No. 38 at 3. But the continuing violation doctrine holds only that, when a plaintiff alleges that inaction is leading to ongoing harm, the statute of limitations runs "from the date of the last *incidence* of that violation, not the first." *Cesal v. Moats*, 851 F.3d 714, 722 (7th Cir. 2017)

(emphasis added) (citation omitted). Here, the last incidence of the violations alleged by Jones necessarily occurred on or before July 31, 2022, when Jones was released from the White County Jail. Jail Commander Loges could not have been responsible for any incidence occurring after Jones left the White County Jail. Therefore, Jones' assertion that he continued to experience harm after his release from the White County Jail is not an extraordinary circumstance warranting equitable tolling.

Accordingly, the undisputed facts show that Jones' claim against Jail Commander Loges is time-barred, as he filed this lawsuit more than two years after his release from the White County Jail. Jones has not shown any extraordinary circumstances that warrant equitable tolling of the statute of limitations. Therefore, because the undisputed facts show this lawsuit is untimely, summary judgment is warranted in favor of Jail Commander Loges.[3]

For these reasons, the Court:

(1) GRANTS Jail Commander Loges' motion for summary judgment (ECF No. 32); and

(2) DIRECTS the Clerk of Court to enter judgment in favor of Defendant Jail Commander Loges and against Plaintiff Jerren Jones and to close this case. Plaintiff Jerren Jones takes nothing by his Complaint.

SO ORDERED on December 4, 2025.

                                                 s/ Theresa L. Springmann
                                                JUDGE THERESA L. SPRNGMANN
                                                UNITED STATES DISTRICT COURT

---

[3] Because summary judgment is warranted in favor of Jail Commander Loges on the statute of limitations, the Court does not reach her alternative argument that summary judgment is warranted because Jones did not timely serve her with the lawsuit.